# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| STEPHEN BUSHANSKY, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>METALDYNE PERFORMANCE GROUP INC., GEORGE THANOPOULOS, KEVIN PENN, LOREN EASTON, MICHAEL FISCH, NICK BHAMBRI, WILLIAM JACKSON, JEFFREY STAFEIL, and JOHN PEARSON SMITH,<br><br>Defendants. | Hon. Mark A. Goldsmith<br><br>Magistrate Judge David R. Grand<br><br>Case No. 2:17-cv-10508-MAG-DRG |

## NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A) AND RETENTION OF JURISDICTION

Notice is hereby given that, pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, plaintiff Stephen Bushansky ("Plaintiff") voluntarily dismisses as moot the captioned action (the "Action") with prejudice as to Plaintiff only and without prejudice as to the putative class in the Action against defendant Metaldyne Performance Group Inc. ("MPG" or the "Company") and the members of the Company's Board of Directors (together with MPG, the "Defendants"). This notice of dismissal is being filed with the Court before service by Defendants of either an answer or a motion for summary judgment. Plaintiff requests that the Court retain

continuing jurisdiction over the parties in the Action solely for purposes of further proceedings related to the adjudication of Plaintiff's anticipated application for attorneys' fees and expenses in connection with the mooted claims. Defendants do not object to the voluntary dismissal of the Action or the Court's retention of jurisdiction.

On February 16, 2017, Plaintiff filed a putative Class Action Complaint for Violations of Federal Securities Laws (the "Complaint") in the above-captioned Action;

The Complaint includes claims against Defendants under Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 and Rule 14a-9 promulgated thereunder with respect to certain public disclosures made by MPG in the preliminary proxy statement filed with the United States Securities and Exchange Commission (the "SEC") on or around December 19, 2016 (the "Preliminary Proxy Statement") in connection with the proposed acquisition of MPG by American Axle & Manufacturing Holdings, Inc. (the "Proposed Transaction").

On March 8, 2017, Plaintiff sent a letter to Defendants identifying certain alleged disclosure deficiencies in the Preliminary Proxy Statement and the definitive proxy statement filed by MPG with the SEC on March 6, 2017 (the "Definitive Proxy Statement"), and demanding that such disclosure deficiencies be cured.

The parties subsequently engaged in arm's-length negotiations to attempt to resolve the claims raised in the Complaint.

On March 27, 2017, the parties agreed upon a draft of supplemental disclosures related to the Proposed Transaction (the "Supplemental Disclosures"), which Plaintiff believes addressed and mooted his claims regarding the sufficiency of the disclosures in the Definitive Proxy Statement.

On March 28, 2017, MPG publicly filed the Supplemental Disclosures with the SEC on Form 8-K.

On April 5, 2017, MPG shareholders met and voted to approve the Proposed Transaction;

Plaintiff believes that (i) the Supplemental Disclosures mooted the claims set forth in the Complaint, and that any remaining claims are so unlikely to be successful as to warrant dismissal, (ii) the prosecution of the Action caused MPG to file the Supplemental Disclosures with the SEC, and (iii) Plaintiff's counsel have the right to seek and recover attorneys' fees and expenses in connection with a claimed common benefit provided to MPG's shareholders as a result of the filing of the Supplemental Disclosures.

Plaintiff seeks to dismiss the Complaint with prejudice as to Plaintiff and without prejudice as to unnamed members of the purported class.

Plaintiff's counsel have informed Defendants' counsel that if their claim for fees and expenses cannot be resolved through negotiations between counsel for Plaintiff and Defendants, Plaintiff intends to petition the Court for such fees and expenses (the "Fee and Expense Application").

No compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made.

The parties intend to meet and confer concerning the amount of any attorneys' fees and expenses to be paid to Plaintiff's counsel, and if the parties are unable to reach an agreement, the parties respectfully request that this Court retain jurisdiction over the prospective Fee and Expense Application. To the extent that the parties are unable to reach an agreement concerning the Fee and Expense Application, they will contact the Court to set a stipulated briefing and hearing schedule for the Fee and Expense Application.  If the parties reach an agreement concerning the Fee and Expense Application, they will notify the Court.

Since no class has been certified in the Action, the dismissal is with prejudice to Plaintiff only and without prejudice as to all other members of the putative class, notice of this dismissal is not required.

Accordingly, Plaintiff hereby (i) gives notice that the Action is dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) with prejudice as to

Plaintiff, individually, and without prejudice as to any actual or potential claims of any other putative class member, and (ii) respectfully requests that this Court retain jurisdiction of the Action solely for the purpose of adjudicating the Fee and Expense Application, if such an application should become necessary.

Respectfully submitted this 17 day of April, 2017.

                              **MACWILLIAMS LAW PC**

                              <u>/s/ Sara K. MacWilliams</u>
                              Sara K. MacWilliams (P67805)
                              838 W. Long Lake Road
                              Suite 100
                              Bloomfield Hills, MI 48302
                              Telephone:(248) 432-1586
                              Email:    sm@macwilliamslaw.com

                              and

                              **WEISSLAW LLP**
                              Richard A. Acocelli
                              Michael A. Rogovin
                              Kelly C. Keenan
                              1500 Broadway, 16th Floor
                              New York, New York 10036
                              Telephone:(212) 682-3025
                              Facsimile: (212) 682-3010
                              Email:    racocelli@weisslawllp.com
                                                    mrogovin@weisslawllp.com
                                                    kkennan@weisslawllp.com

                              *Attorneys for Plaintiff Stephen Bushansky*